## PEOPLE *v.* KEHOE.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

1. LARCENY—VALUE OF GOODS—EVIDENCE.
   Defendant was indicted for stealing certain articles, of the estimated value of $28.50. The only evidence against him was the fact that most of the property was found in his possession. *Held,* that the value of such of the property as was not found in his possession must be deducted from such estimate in determining the degree of his offense.

2. SAME—EVIDENCE.
   Among the articles stolen was a carpet of the estimated value of $15, but which the prosecutrix admitted on cross-examination might not be worth more than 40 cents a yard in the market, or $10.80 for the piece. *Held,* that the value of the carpet must be taken to be $10.80.

3. SAME—VARIANCE.
   The indictment charged the defendant with the larceny of three one-gallon crocks of preserved pears. *Held,* that the indictment not being sustained by proof of the larceny of one three-gallon crock of preserved pears, the value of such crock must be deducted from the aggregate value of the goods stolen.

Appeal from court of sessions, Montgomery county.

Indictment against James Kehoe for grand larceny. Defendant was convicted, and appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*H. V. Borst,* (*Z. S. Westbrook,* of counsel,) for appellant. *Charles S. Nisbet,* for the People.

PUTNAM, J. This is an appeal by the defendant from a judgment of conviction of the court of sessions of Montgomery county, rendered February

22, 1892, convicting him of the crime of grand larceny in the second degree, under which he was sentenced to state prison for two years. The evidence in the case amply sustains the verdict of the jury, convicting the defendant of larceny. He was found in possession of the stolen property, under such suspicious circumstances that the jury could properly, under section 528 of the Penal Code, deem him guilty of the crime charged. But I think the testimony given on the trial failed to satisfactorily show that the property stolen was of the value of $25. The property claimed to have been taken, by Mrs. Mullarkey, and her estimate of the value of the same, is as follows:

| | |
|---|---|
| Carpet, | $15 00 |
| Three-gallon crock pears, | 2 00 |
| Three-gallon crock cherries, | 2 00 |
| Quart of quinces, | 60 |
| Six chickens, | 3 00 |
| Bed quilt, | 2 00 |
| Bed rug, | 2 00 |
| Three-gallon crock raspberries, | 2 00 |
| In all, the value of | $28 60 |

The only evidence showing the larceny was the finding of the property in the possession of the defendant. Deducting the value of the chickens, which were not found in his possession,—$3,—leaves the estimated value of the property taken $25.50. The only witness as to value was Mrs. Mullarkey. To bring the property taken by defendant up to $25, the carpet must be estimated at $15. But the witness testified, not that the carpet is worth $15, but about $15; and on her cross-examination, she swore that the carpet probably might not be worth over 40 cents a yard in the market, which would make it worth $10.80, instead of $15. Again, the indictment charges the prisoner with taking three one-gallon crocks of preserved pears and three one-gallon crocks of preserved cherries. The defendant could not properly be convicted under this indictment of stealing a three-gallon crock of pears and a three-gallon crock of cherries; hence, $4, the estimated value of said crocks, should be deducted from the said sum of $25.50, the estimated value of the property found in defendant's possession. On the whole, I think the evidence fails to show that the property stolen by defendant was of the value of $25. Hence, he should have been convicted of petit, and not grand, larceny. The judgment of conviction should be reversed, and a new trial granted. All concur.